IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3003-D

| | | |
|---|---|---|
| LARRY K. GREEN, a/k/a<br>SAID ABDULLAH HAKIM, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **ORDER** |
| THEODIS BECK, et al., | )<br>)<br>) | |
| Defendants. | ) | |

On January 6, 2010, Larry K. Green, a/k/a Said Abdullah Hakim ("Hakim" or "plaintiff"), a state inmate, filed this action under 42 U.S.C. § 1983 ("section 1983") [D.E. 1].[1] On February 8, 2010, Hakim filed a motion for a temporary restraining order and preliminary injunction [D.E. 9]. On April 13, 2010, Hakim filed a second motion for a temporary restraining order and preliminary injunction [D.E. 13], and on April 19, 2010, Hakim filed a motion to amend his motions for injunctive relief [D.E. 15]. The court construes the motion as a third motion for a temporary restraining order and preliminary injunction. On April 30, 2010, Hakim filed a motion for a show cause hearing on his request for immediate injunctive relief [D.E. 16]. On May 3, 2010, Hakim filed a motion for leave to amend his complaint [D.E. 17]. On May 14, 2010, Hakim filed a motion for entry of default or, in the alternative, for summary judgment [D.E. 18]. The court construes the motion as a motion for entry of default. See Fed. R. Civ. P. 55(a). On May 14, 2010, North Carolina Prisoner Legal Services, Inc. ("NCPLS") filed a motion for an extension of time nunc pro tunc [D.E. 19]. On June 30, 2010, Hakim filed a motion for sanctions [D.E. 23].

---

[1]The court uses "Hakim" to identify plaintiff for brevity purposes only.

For the reasons explained below, the court grants NCPLS' motion for an extension of time nunc pro tunc [D.E. 19] and deems timely filed the response to the order of investigation [D.E. 20]. The court denies plaintiff's motions for a temporary restraining order and preliminary injunction [D.E. 9, 13, 15] and denies as moot plaintiff's motion for a show cause hearing on his request for immediate injunctive relief [D.E. 16]. The court denies plaintiff's motion for entry of default [D.E. 18] and motion for sanctions [D.E. 23]. The court allows plaintiff's motion for leave to amend his complaint [D.E. 17] and orders plaintiff to file an amended complaint to particularize his claims no later than August 6, 2010.

I.

Hakim asserts that defendants discriminate against him by refusing to recognize his alleged legal name, Said Abdullah Hakim, and asks the court to order the North Carolina Department of Correction ("DOC") to identify and address him correctly. Compl. 3–10. Hakim also complains that defendants were deliberately indifferent to his serious medical needs and tampered with his legal mail. Id. at 6–10. Hakim seeks compensatory and punitive damages and injunctive relief. Id. at 10.[2]

On February 8, 2010, Hakim filed a motion for immediate injunctive relief under Rule 65 of the Federal Rules of Civil Procedure ("Rule 65") [D.E. 9]. Plaintiff claims that Lumberton medical staff have failed to respond to his sick-call or medicine-refill requests. Mot. Prelim. Inj. 1, 3–4.

---

[2] When Hakim initiated this action, he was imprisoned at Lumberton Correctional Institution ("Lumberton"). See Compl. 2. Hakim asserts claims involving his imprisonment at Lumberton, Pender Correctional Institution ("Pender"), and Craven Correctional Institution ("Craven"). Id. at 2–3. Hakim is presently incarcerated at Tabor Correctional Institution ("Tabor") and now brings claims involving his confinement at that facility. See N.C. Dep't of Corr. Offender Pub. Info., http://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (last visited July 16, 2010); see also Mot. Amend 1.

2

Hakim also alleges that he has "endured almost 2 years of religious disparity, racism and discrimination" at Lumberton and Pender. Id. at 2. Hakim "sincerely feels his health, safety and very life are all in jeopardy" and requests an immediate transfer to a prison located closer to his family. Id. Hakim's additional complaints include the failure of defendants to provide carbon paper, ink pens, and copies, the rejection of his grievances, interference with his mail, and the continued refusal to identify him by his legal name. Id. at 3, 12–13. Hakim also alleges that prison staff allow contraband at Lumberton, and as a result, another inmate threatened him with a knife. Id at 4. Hakim seeks an order requiring the DOC to issue an identification card with his legal name and prohibiting interference with his mail. Id. at 14. Hakim also asks the court to order medical staff to provide his "fish oil pills, Zantac, Naprosen, skin cream, CTM pills, Footstone, and Dr. 2 Shoes" and to provide medications timely. Id. Furthermore, Hakim requests an order directing the DOC to transfer him immediately from Lumberton to Eastern or Nash Correctional Institution. Id.

On April 13, 2010, Hakim filed a second motion for immediate injunctive relief under Rule 65 [D.E. 13]. Hakim claims that he is subject to racial and religious discrimination and retaliation. Second Mot. Prelim. Inj. 1. Hakim also alleges that he experiences "constant agonizing pain," which defendants fail to diagnose and treat. Id. at 1–2. Following his transfer to Tabor, Hakim claims that his pain has increased "under constant air conditioning." Id. at 2–3. Hakim's complaints also include the alleged interference with his mail, failure to respond to his inmate grievances, a retaliatory transfer from Lumberton to Tabor, and an incident of excessive use of force. Id. Hakim asks the court to order the DOC to include his legal name on his identification card, provide magnetic resonance imaging, and transfer him to Wayne, Nash, or Eastern Correctional Institutions or back to Lumberton. Id. at 4.

On April 19, 2010, Hakim filed a third Rule 65 motion for a temporary restraining order and preliminary injunction [D.E. 15]. Hakim asserts more claims against Lumberton defendants including "intimidation, falsifying/concealing facts, obstructing justice, misuses of federal assistance, and neglecting to prevent [] conspiracies." Third Mot. Prelim. Inj. 1. Hakim also appears to allege that Tabor correctional officers wrongfully charged him with a disciplinary infraction and placed him in segregation. See id. at 1–2. Hakim complains of alleged interference with his mail, deliberate indifference to his serious medical needs, and the failure of the DOC and correctional staff to use his legal name. Id. at 2–3.

On April 30, 2010, Hakim filed a motion for a hearing to show cause for a preliminary injunction [D.E. 16]. Hakim lists additional, alleged examples of retaliation, denial of "access to the courts," improper transfer, and deliberate indifference to his serious medical needs. Mot. Hearing 1–4.

The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." See Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). In Winter, the Supreme Court rejected the Fourth Circuit's "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was 'inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to

4

such relief.'" Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010) (quoting Winter, 129 S. Ct. at 375–76).

Hakim has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Hakim has failed to meet his burden of proof. Accordingly, the court denies plaintiff's motions for a temporary restraining order and a preliminary injunction [D.E. 9, 13, 15] and denies as moot plaintiff's motion for a show cause hearing on his request for immediate injunctive relief [D.E. 16].

On May 3, 2010, Hakim filed a motion for leave to file an amended complaint naming Tabor Superintendent George Kenworthy ("Kenworthy") as an additional defendant [D.E. 17]. Hakim may amend his pleading as a matter of course because defendants have not served a responsive pleading. See Fed. R. Civ. P. 15(a)(1)(B). Thus, the court allows plaintiff's motion for leave to file an amended complaint to name Kenworthy as an additional defendant [D.E. 17].

It does not clearly appear from the face of the amended complaint that plaintiff is not entitled to relief. See 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, the court directs the Clerk of Court to maintain management of the action including the issuance of summons as to Kenworthy.

Next, the court addresses Hakim's failure to comply with the general rules of pleading. Under Rule 8(a) of the Federal Rules of Civil Procedure, a claim for relief must contain a short and plain statement showing that the pleader is entitled to relief. See Fed. R. Civ. P. 8(a); see also Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346–47 (4th Cir. 2005). In addition, Rule 15 of the Federal Rules of Civil Procedure prescribes the manner in which a party may amend his pleading. See Fed. R. Civ. P. 15. Here, Hakim purports to assert new allegations in every filing, and his allegations do

not adequately specify the claims that he is attempting to make against each named defendant. As such, plaintiff violates Rules 8(a) and 15 of the Federal Rules of Civil Procedure. Simply put, Hakim fails to "give [each] defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quotation omitted).

The court permits Hakim until August 6, 2010, to amend his complaint to cure any defects and particularize his claims. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam). The amended complaint must state precisely whom plaintiff seeks to name as defendants and avoid unnecessary details. Hakim must describe briefly the specific events and correlating dates which are the bases for the action, the constitutional rights purportedly violated, and each defendant's personal participation in the process. The amended complaint also must focus on how the alleged events affected plaintiff, the injury he allegedly sustained, and the person (or people) who inflicted the injury. The amended complaint will supplant Hakim's previous complaints. In other words, the amended complaint will constitute the complaint in its entirety, and the court will not review plaintiff's other filings to glean any misplaced claims. The court will review any amended complaint to determine whether severance of plaintiff's claims is appropriate. See Fed. R. Civ. P. 18(a), 20(a)(2). The court warns Hakim that if he does not file an amended complaint which complies with the Federal Rules of Civil Procedure and this order by August 6, 2010, the court may dismiss the action without prejudice. See Fed. R. Civ. P. 16(f)(1)(C), 41(b).

Hakim also asks the court to provide a copy of the docket sheet. See Mot. Amend 2–3. The Clerk of Court processes requests for copies of the docket sheet and any filings for a fee of fifty cents per page. See 28 U.S.C. § 1914 note (Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule). This fee is not waived for in forma pauperis litigants. See, e.g., In

re Richard, 914 F.2d 1526, 1527 (6th Cir. 1990); Douglas v. Green, 327 F.2d 661, 662 (6th Cir. 1964) (per curiam); Daniel v. Craig, No. 5:07-CV-465, 2008 WL 644883, at *3 (S.D. W. Va. Mar. 7, 2008) (unpublished); Souser v. Robinson, No. 2:05-CV-481-RAJ, 2005 WL 6070214, at *1 (E.D. Va. Dec. 7, 2005) (unpublished); Fulgham v. Parker, No. 2:05-CV-401, 2005 WL 5545032, at *2 (E.D. Va. Nov. 10, 2005) (unpublished).

In this case, the cost for a current copy of plaintiff's docket sheet is $2.00, excluding postage. Hakim does not offer to pay for the copies or set forth exceptional and compelling circumstances to justify why a free copy should be provided to him. Courts are under no obligation to provide free copies of documents to litigants. See, e.g., United States v. Carpenter, 271 Fed. Appx. 371, 372 (4th Cir. 2008) (per curiam) (unpublished); Garabedian v. Lanteigne, No. 1:08-CV-1221 (AJT/TRJ), 2009 WL 1032774, at *5 (E.D. Va. Apr. 15, 2009) (unpublished). Hakim may send $2.00 to the Clerk of Court, who will then provide him with a copy of the docket sheet.

On May 14, 2010, Hakim filed a motion for entry of default [D.E. 18]. Hakim's motion for entry of default is premature. An entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 55(a). The responsive pleading of defendants Bell, O'Neal, Taylor, and Thomas is not due until July 21, 2010 [D.E. 22].[3] Because defendants' answer or responsive pleading is not yet due, the court denies plaintiff's motion for entry of default [D.E. 18].

On May 14, 2010, NCPLS requested an extension of time nunc pro tunc to file its response to the January 11, 2010 order to investigate plaintiff's claims [D.E. 19]. Also on May 14, 2010,

---

[3]Hakim has failed to obtain service of process on defendant Theodis Beck [D.E. 11].

7

NCPLS filed its response to the order to investigate [D.E. 20]. For good cause shown, the court grants the request [D.E. 19] and deems timely filed the response to the order of investigation by NCPLS [D.E. 20].

On June 30, 2010, Hakim filed a motion for sanctions [D.E. 23]. Hakim objects to the extension of time to respond to the complaint provided nunc pro tunc to defendants Bell, O'Neal, Taylor, and Thomas. Mot. Sanctions 1–2. A court may order sanctions upon a failure to respond to discovery or failure to comply with a court order. See Fed. R. Civ. P. 37; see also Fed. R. Civ. P. 16(f). Defendants have not failed to respond to discovery or to comply with a court order. Accordingly, the court denies plaintiff's motion for sanctions [D.E. 23].

II.

In sum, the court DENIES plaintiff's motions for a temporary restraining order and preliminary injunction [D.E. 9, 13, 15] and DENIES as moot plaintiff's motion for a show cause hearing [D.E. 16]. The court DENIES plaintiff's motion for entry of default [D.E. 18] and motion for sanctions [D.E. 23]. The court GRANTS the motion for an extension of time nunc pro tunc to file a response to the order of investigation [D.E. 19] and deems the May 14, 2010 response of NCPLS [D.E. 20] filed timely. The court ALLOWS plaintiff's motion for leave to file an amended complaint adding Superintendent George Kenworthy as an additional defendant [D.E. 17]. It does not clearly appear from the face of the amended complaint that plaintiff is not entitled to relief. See 28 U.S.C. § 1915(e)(2)(B)(i). The court DIRECTS the Clerk of Court to maintain management of the action including the issuance of summons as to Kenworthy. The court DENIES plaintiff's request for a free copy of the docket sheet [D.E. 17]. The court ORDERS plaintiff to file an amended complaint to particularize his claims, as directed by the court, no later than August 6, 2010.

See Fed. R. Civ. P. 8(a). The amended complaint shall serve as the complaint in its entirety. The court WARNS plaintiff that his failure to file an amended complaint may result in the dismissal of this action. See Fed. R. Civ. P. 16(f)(1)(C), 41(b).

SO ORDERED. This **16** day of July 2010.

*[signature]*
JAMES C. DEVER III
United States District Judge