IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3003-D

LARRY K. GREEN, a/k/a )
SAID ABDULLAH HAKIM, )
 )
         Plaintiff, )
 )
v. ) **ORDER**
 )
THEODIS BECK, et al., )
 )
         Defendants. )

On January 6, 2010, Larry K. Green, a/k/a Said Abdullah Hakim ("Hakim" or "plaintiff"), a state inmate, filed this action under 42 U.S.C. § 1983 ("section 1983") [D.E. 1].[1] Hakim proceeds pro se and in forma pauperis [D.E. 2]. On July 26, 2010, the court directed Hakim to particularize the claims in his complaint [D.E. 26]. The court specifically noted that "[t]he amended complaint will supplant Hakim's previous complaints" and that it would review the amended complaint to determine whether severance of plaintiff's claims is appropriate. Green v. Beck, No. 5:10-CT-3003-D, [D.E. 26], at 6 (E.D.N.C. July 26, 2010). On August 5, 2010, Hakim timely responded to the court's order and filed a motion to amend the complaint [D.E. 31]. On September 21, 2010, Hakim filed a motion for declaratory and injunctive relief [D.E. 36]. On October 19, 2010, Hakim filed a request for production of documents [D.E. 37]. On November 17, 2010, defendants filed a motion for protective order [D.E. 38], to which Hakim responded in opposition [D.E. 40]. Between January 27 and February 4, 2011, Hakim submitted additional correspondence and discovery requests [D.E. 41–44].

---

[1] The court uses "Hakim" to identify plaintiff for brevity purposes only.

When Hakim filed this action, he was imprisoned at Lumberton Correctional Institution.[2] Compl. 2. When the court directed Hakim to particularize his complaint, Hakim asserted claims involving his imprisonment at Lumberton, Pender Correctional Institution, and Craven Correctional Institution. Id. at 2–3. Hakim now desires to bring claims involving his confinement at Tabor Correctional Institution ("TCI") and to add claims against new defendants. See, e.g., Mot. Amend 1, 4.

Hakim's request to amend his complaint to add claims concerning TCI implicates Rule 20(a)(2) of the Federal Rules of Civil Procedure, which states:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) does not provide a license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997); Robinson v. Johnson, No. 3:07CV449, 2009 WL 874530, at *1 (E.D. Va. Mar. 26, 2009) (unpublished); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) (unpublished). Thus, to the extent Hakim seeks to add any claims concerning TCI, including any claims against "TCI-4885 Asst Unit/Mgr. John Williams & STG C/O Emile Prince" and/or "TCI-4885 Adm. I George Kenworthy," or against Dr. Ron Bell, Mot. Amend 1, 4, the court denies his motion to amend.

---

[2] Hakim is incarcerated at Harnett Correctional Institution ("HCI"). See N.C. Dep't of Corr., Offender Public Information, http://webapps.doc.state.nc.us/opi/offendersearch.do?method=view&offenderID=0154730 (last visited Feb. 11, 2011).

2

Hakim also seeks to proceed against "the Utilization Review Board" and Dr. Paula Y. Smith in their supervisory capacities. See, e.g., Mot. Amend 1 ("The UR Bd. & Dr. Paula Y. Smith by way of Dr. Ron Bell &/or his treatment have all constantly 'toyed' w/ plaintiff's health & well being"); 3 (alleging "Dr. Bell . . . answers to the UR Bd & Dr. Paula Y. Smith"). In order to hold a supervisor liable for a constitutional injury inflicted by a subordinate, a plaintiff must prove three things: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinates' conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Hakim has not stated any facts or provided any evidence to establish these elements as to the Utilization Review Board and Dr. Smith. Therefore, the court denies Hakim's motion to add claims against these defendants. See 28 U.S.C. § 1915A(a)–(b)(1).

The statute governing proceedings in forma pauperis provides that "the court shall dismiss the case at any time if the court determines that" the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); see also Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). Hakim names Theodis Beck as a defendant because "Beck was NCDOC top authority . . . ." Mot. Amend 6. Thus, Hakim improperly seeks to proceed against Beck in his supervisory capacity. Accordingly, the court dismisses Beck.

On September 21, 2010, Hakim filed a motion for declaratory and injunctive relief under Rule 65 of the Federal Rules of Civil Procedure. As with Hakim's previous Rule 65 motions [D.E. 9, 13, 15], the motion lacks merit and is denied. See Winter v. Natural Res. Def. Council, Inc., 129

3

S. Ct. 365, 374 (2008); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part by 607 F.3d 355 (4th Cir. 2010). Accordingly, the court denies plaintiff's motion for declaratory and injunctive relief.

On November 17, 2010, all remaining defendants moved for a protective order, seeking to stay any obligation to respond to Hakim's discovery requests because they "intend to file a motion for summary judgment" which will "raise[] the defense of qualified immunity." Mem. Supp. Mot. Protective Order 2. Hakim objects on the ground that he "has a 'legal right' to anything relevant, in any way, to the subject matter involved in this pending action." Resp. Opp'n Mot. Protective Order 1.

A ruling on a defendant's claim of qualified immunity should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Pearson v. Callahan, 129 S. Ct. 808, 815 (2009). The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see Harlow v. Fitzgerald, 457 U.S. 800, 817–18 (1982). Accordingly, defendants are entitled to resolution of their defense of qualified immunity before being subject to the burdens of litigation, including discovery. See, e.g., Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987); Harlow, 457 U.S. at 817–18; Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished). Therefore, the court grants defendants' motion for a protective order.

In sum, the court GRANTS IN PART plaintiff's motion to amend [D.E. 31], and proceeds only as to pages six through nine of the amended complaint. Defendant Beck is DISMISSED. The court DENIES plaintiff's motion for declaratory and injunctive relief [D.E. 36]. The court GRANTS defendants' motion for a protective order [D.E. 38]. The court DIRECTS the Clerk of Court to

4

maintain management of the action including issuance of a scheduling order.

SO ORDERED. This 12 day of February 2011.

JAMES C. DEVER III
United States District Judge

5