IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3003-D

| | |
|---|---|
| LARRY K. GREEN, a/k/a<br>SAID ABDULLAH HAKIM, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | **ORDER** |
| THEODIS BECK, et al., ) ) | |
| Defendants. ) | |

On January 6, 2010, Larry K. Green, also known as Said Abdullah Hakim ("Hakim" or "plaintiff"), a state inmate, filed this action under 42 U.S.C. § 1983 [D.E. 1].[1] Hakim proceeds pro se and in forma pauperis [D.E. 2]. On July 26, 2010, the court directed Hakim to particularize the claims in his complaint and specifically noted that "[t]he amended complaint will supplant Hakim's previous complaints" and that it would review the amended complaint to determine whether severance of plaintiff's claims is appropriate [D.E. 26]. On August 5, 2010, Hakim timely responded to the court's order and filed a motion to amend the complaint [D.E. 31]. On February 14, 2011, the court reviewed Hakim's amended complaint and allowed Hakim to proceed only as to pages six through nine of the amended complaint [D.E. 45]. On February 23, 2011, Hakim filed a notice of interlocutory appeal [D.E. 47], which the United States Court of Appeals for the Fourth Circuit dismissed on June 1, 2011 [D.E. 57–58]. On October 31, 2011, the court granted in part a motion to dismiss by the remaining defendants, and allowed Hakim to proceed with his claim concerning his name change against defendant O'Neal [D.E. 63]. On November 8, 2011, Hakim filed a notice

---

[1] For brevity purposes only, the court uses "Hakim" to identify plaintiff.

of interlocutory appeal [D.E. 65], which the Fourth Circuit dismissed on April 30, 2012 [D.E. 72–73].

On February 9, 2012, defendant O'Neal filed a motion for summary judgment [D.E. 69], along with the declaration of Warren Correctional Institution Superintendent Joyce Kornegay [D.E. 70-1]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Hakim about the motion for summary judgment, the consequences of failing to respond, and the response deadlines [D.E. 71]. Hakim did not timely respond to the motion for summary judgment, and on May 15, 2012, the court granted the motion for summary judgment [D.E. 74]. On May 21, 2012, Hakim filed a motion for reconsideration [D.E. 76]. On May 29, 2012, Hakim filed a response in opposition to the motion for summary judgment [D.E. 78]. On June 6, 2012, Hakim filed a notice of appeal [D.E. 79].

Ordinarily, "a district court loses jurisdiction to amend or vacate its order after the notice of appeal has been filed . . . ." Lewis v. Tobacco Workers' Int'l Union, 577 F.2d 1135, 1139 (4th Cir. 1978); see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); Haefner v. Cnty. of Lancaster, 116 F.3d 1473, 1997 WL 355533, at *1 (4th Cir. June 27, 1997) (per curiam) (unpublished table decision) (applying Lewis to a Rule 60(b) motion for reconsideration). However, because Hakim raises new arguments that are not currently part of the pending appeal,[2] the court proceeds to consider Hakim's motion. Cf. United States v. McNair, 340 F. App'x 879, 881 (4th Cir. 2009) (per curiam) (unpublished).

Federal Rule of Civil Procedure 60(b) authorizes the court to "relieve a party . . . from a final

---

[2] Hakim now describes additional alleged violations of his constitutional rights concerning his need for medical restrictions and care, and asserts that he has suffered retaliation as a result of his litigation efforts in several cases. [D.E. 78-1] 2.

2

judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . newly discovered evidence . . . ; [or] fraud . . . , misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(1)–(3). Under Rule 60(b), a movant first must demonstrate that the motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice by having the judgment set aside. See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 n.12 (4th Cir. 2010); Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266.

The court has considered Hakim's arguments in opposition to defendant O'Neal's motion for summary judgment, and finds that they do not warrant amendment of the judgment. Hakim relies on the fact that his most recent prosecution and conviction was against him using his legally changed name, with Larry Green as an alias. See [D.E. 78-1] 5–9. This fact does not alter the court's conclusion that the North Carolina Department of Public Safety's policy requiring continued administrative use of an inmate's initial committed name during subsequent periods of incarceration "is reasonably related to security because it pertains to identity, . . . does not violate the First Amendment," and "comports with constitutional requirements." [D.E. 74] 5 (quotation omitted). Moreover, Hakim still "has not refuted O'Neal's evidence that O'Neal could not have change[d] Hakim's prison records immediately upon his admission as Hakim demanded that he do." Id. Accordingly, Hakim fails to meet Rule 60(b)'s threshold requirements.

In sum, the court DENIES Hakim's motion for reconsideration [D.E. 76].

SO ORDERED. This 11 day of July 2012.

                                                        JAMES C. DEVER III
                                                        Chief United States District Judge